UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-608-RJC

| ALONZO DALE BAINES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| ANTHONY E. RAND, | ) | **ORDER** |
| ALVIN W. KELLER, JR., | ) | |
| JOY SMITH, & | ) | |
| STACEY HUNTLEY, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on a review of Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983. For the reasons that follow, Plaintiff's complaint will be dismissed.[1]

**I.   BACKGROUND**

According to the website of the North Carolina Department of Public Safety ("DPS"), Plaintiff is serving a life sentence for second degree murder. The record shows that he was convicted on April 24, 1989, and admitted to DPS on May 2, 1989. Plaintiff is presently housed in Robeson Correctional Institution.

Plaintiff first filed his complaint in the Eastern District of North Carolina (Western Division), and the matter was transferred to this District because a substantial amount of the

---

[1] Baines characterizes this action as one under Section 1983. However, as discussed herein, Baines is challenging the duration of his custody and contends that his continued, or prolonged custody, violates the U.S. Constitution. This is, the Court finds, an action which sounds in habeas and is properly considered under 28 U.S.C. § 2254. See Rule 1(a)(1) of Rules Governing Section 2254 Proceedings (providing that a person seeking to challenge his custody under a state-court judgment as in violation of the federal law proceeds under Section 2254).

1

allegations giving rise to the complaint occurred in this district. (Doc. No. 7 at 1-3). In general, Plaintiff challenges the actions of one or more defendants in denying him the ability to participate in programs within the DPS that he contends could facilitate his early release. Plaintiff alleges that the actions or omissions of the defendants have violated his rights as those rights are set out under the Eighth and Fourteenth Amendments to the Constitution. (Doc. No. 1 at 5).

## II.     STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Proceedings provides that habeas courts are directed to examine petitions to determine whether it plainly appears that the petitioner is entitled to any form of relief. The Court has considered the petition and finds that the petition must be dismissed as unexhausted.

## III.    DISCUSSION

According to his complaint, Plaintiff contends that he has no avenue for review in the State system, that is, through the prison system or through State courts. 28 U.S.C. § 2254 provides that '[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears—(A) the applicant has exhausted his remedies available in the Courts of the States; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A) and (B). For instance, in Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983), the Court stated that when a state prisoner challenges the length and duration of his confinement by virtue of an allegation that certain good time credits were cancelled or denied pursuant to an unconstitutional process, and

then seeks the restoration of such cancelled credits so that he can secure his release once he satisfies his sentence, he must exhaust his state remedies. Id. at 72-73 (citing Preiser v. Rodriguez, 411 U.S. 475, 489 (1973); Wolff v. McDonnell, 418 U.S. 539, 553 (1974)).

The requirement of exhaustion reflects "an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted). In order "[t]o provide the State with the necessary 'opportunity', the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claims." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotation marks and citation omitted). In light of these principles, a federal court may only consider those issues which were fairly presented to and passed upon by the state court. See Picard, 404 U.S. at 275-76. In the present case, it appears that Plaintiff has simply abandoned any effort in the state courts to adjudicate his claims for relief and has therefore not exhausted his claim.

The Court notes that several North Carolina inmates that are likewise serving life sentences for second degree murder or other offenses, and were sentenced prior to the enactment of the Fair Sentencing Act, filed state petitions for habeas corpus in Wake County Superior Court in 2010. The trial court granted the habeas petitions and ordered they be immediately released. The State appealed and in a 2-1 decision, the North Carolina Court of Appeals affirmed the order of the trial court. Lovette v. North Carolina Dept. of Correction, 731 S.E.2d 206 (N.C. App. 2012). The State appealed as of right from the divided panel of the Court of Appeals, see N.C. Gen. Stat. § 7A-30(2), and the North Carolina Supreme Court reversed the Court of Appeals and

remanded to that court for further remand to the Wake County Superior Court for further proceedings. Lovette v. North Carolina Dept. of Corrections, ___ S.E. 2d ___ (N.C. filed Mar. 8, 2013). Thus, there appears to be a State corrective process in which Plaintiff can participate and raise the present challenges. Accordingly, the Court will order that this action be dismissed without prejudice.

**IV.     CONCLUSION**

    **IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), and Amended Complaint, (Doc. No. 6), are **DISMISSED** without prejudice for failure to exhaust State remedies to participate in the available State process. 28 U.S.C. § 2254(b)(1)(A) & (B);

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right); and

3. The Clerk of Court is respectfully directed to close this case.

Signed: March 22, 2013

Robert J. Conrad, Jr.
Chief United States District Judge